ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Frontline Support Solutions, LLC | )   ASBCA No. 64022 |
| | ) |
| Under Contract No. W9126G-19-C-0163 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. Bronson Lerma
                                                             President

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
                                                                      Engineer Chief Trial Attorney
                                                                   Lisa M. Haywood, Esq.
                                                                   Elliott A. Stanley, Esq.
                                                                      Engineer Trial Attorneys
                                                                      U.S. Army Engineer District, Fort Worth

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF
JUSRISDICTION AND APPELLANT'S MOTION FOR SUMMARY JUDGMENT

      This appeal involves a contract for the renovation of Building 615, Army Band Hall at Joint Base Fort Sam Houston in San Antonio, Texas.  The United States Army Corps of Engineers (USACE) moves to dismiss the appeal for lack of jurisdiction on the grounds that the appellant, Frontline Support Solutions, LLC (Frontline), is a subcontractor and thus lacks privity of contract with USACE.  Frontline opposes the motion and cross-moves for summary judgment, asserting that USACE's alleged failure to terminate its contract with the prime contractor despite documented evidence of fraud and USACE's continued payments to the prime contractor violated numerous Federal Acquisition Regulation (FAR) provisions and directly harmed Frontline.  For the reasons discussed below, we grant the government's motion.[1]

---

[1] Frontline also filed several subsequent motions, including a request for reconsideration of the Board's March 11, 2025 Order to accept USACE's sur-reply brief.  In light of the decision in this appeal, all other motions have been rendered moot.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

1. In August 2019, USACE issued Solicitation No. W9126G-19-B-3286 for the renovation of Building 615, Army Band Hall at Joint Base Fort Sam Houston in San Antonio, Texas (R4, tab 1 at 1).[2]

2. The solicitation provided that a "Bid Bond is required [in accordance with] IAW FAR 52.228-1. Additionally, the winning contractor will be required to provide Insurance and Performance & Payment Bonds IAW FAR 52.228-5 & 52.228-15, respectively." (R4, tab 1 at 6, tab 9 at 3)

3. On September 30, 2019, USACE awarded design-build Contract No. W9126G-19-C-0163 (Contract) to ATC-Davila, Ltd. Company (ATC-D) for the renovation of Building 615 with an initial price of $6,975,281.50 (R4, tab 10 at 6-7). The Contract incorporated by reference the Disputes Clause found at FAR 52.233-1 (MAY 2014), which addresses only "contractor" submission of claims to the contracting officer (CO) (*id*. at 18). The Contract did not contain any provision allowing subcontractors to submit claims directly to the CO. Additionally, neither the Contract as awarded, nor any subsequent modifications, authorized ATC-D to act as an agent of USACE while working on the Building 615 project.

4. On October 10, 2019, ATC-D secured a $6,975,281.50 performance bond and a $6,975,281.50 payment bond with Berkley Insurance Company (Berkley or surety) (R4, tab 27 at 6-9).

5. On September 19, 2022, ATC-D entered into a $700,000 subcontractor agreement (Subcontract) with Frontline to perform demolition work for the Building 615 project. ATC-D and Frontline were the only parties to this agreement. (R4, tab 71 at 1) The Subcontract included the following language:

Article 18: Changes, Claims and Delays

. . . .18.5 Delays

. . . .

(C) Subcontractor shall present to Contractor any permitted claim for extension of time, extra work, delay or disruption, or breach of contract, together with full documentation, within sufficient time for Contractor to evaluate and determine whether to assert such a claim against [USACE] . .

---

[2] All references to specific page numbers in the government's Rule 4 file are to the Bates-labeled pagination. Any prefixes and leading zeroes have been removed.

. Subcontractor agrees to be bound to Contractor to the same extent Contractor is bound to [USACE] in the final determination relating to such claim, whether administrative, judicial, or otherwise, and whether or not Subcontractor is a party to such proceeding. Contractor shall not be obligated to appeal from any such determination.

(R4, tab 71 at 9) Thus, pursuant to the Subcontract, Frontline was not authorized to seek payment of any sort directly from USACE.

6. In addition, Article 30 of the Subcontract provides:

> The relationship of Subcontractor to Contractor is that of an Independent Contractor. Nothing in this Agreement shall be deemed or construed to create any fiduciary or special relationship between the parties. This Agreement shall not be deemed or construed to create any sort or kind of partnership, agency, or joint venture relationship between the parties.

(R4, tab 71 at 11)

The record contains no evidence that the Subcontract was incorporated into the Contract between ATC-D and USACE.

7. On March 15, 2023, Frontline submitted a surety claim to Berkley (R4, tab 36).

8. Berkely paid Frontline $190,998.43 in compensation for payments ATC-D allegedly owed to Frontline. However, Frontline alleged that a sum of $481,380 remained unpaid. (R4, tab 70 at 2)

9. On June 5, 2024, USACE entered into a takeover agreement with Berkley regarding the Contract (gov't reply, ex. 1).

10. On June 21, 2024, the CO terminated the Contract for default based upon ATC-D's "failure to progress resulting in unsatisfactory execution of the construction in accordance with the terms and conditions of [the] contract" (R4, tab 24).

11. On November 8, 2024, Frontline submitted a certified claim directly to the CO seeking $481,380 for unpaid work (R4, tab 70).

12. By email dated December 3, 2024, the CO informed Frontline that its claim was improper under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, due to lack of privity of contract between Frontline and USACE, and advised Frontline that

3

"your dispute is between you and ATC-Davila and their bonding agent" (R4, tab 90 at 1).

13. That same day, Frontline filed a notice of appeal with the Board (R4, tab 91). The record contains no evidence that ATC-D sponsored the appeal. The grounds for appeal were listed as follows: (1.) Non-Payment for Completed Work – Frontline completed all work under its subcontract, which was verified and approved by USACE representatives; (2.) Government Knowledge of Fraud and Criminal Investigation – FAR clauses provide clear guidance to protect subcontractors when prime contractor engages in fraud, etc.; (3.) Failure to Exercise Oversight and Mitigate Risk – CO was aware of ATC-D's financial instability prior to and during the project but failed to protect subcontractor from risk of non-payment; and (4) Violation of FAR and Public Policy – by continuing to allow ATC-D to manage the project despite knowledge of fraud and criminal investigations, the CO violated FAR requirements and public policy to ensure accountability and stewardship of taxpayer funds. Frontline did not allege that it held a contract with USACE or the federal government.

14. On December 5, 2024, the Board docketed Frontline's appeal as ASBCA No. 64022. Frontline filed its complaint in the aforementioned appeal on December 18, 2024, wherein it lists itself as "Appellant: Frontline Support Solutions, LLC, a Texas-based *subcontractor* (emphasis added)."

## DECISION

*The Parties' Contentions*

USACE requests dismissal of this appeal for lack of jurisdiction on the grounds that Frontline has failed to establish privity of contract with USACE and does not qualify as a "contractor" within the meaning of the CDA (gov't mot. at 3-9; gov't reply at 6-11). Frontline contends that due to alleged fraud and insolvency on the part of the prime contractor, ATC-D, this case presents "such extraordinary circumstances" warranting an exception to the CDA's privity of contract requirement (app. mot. at 2-4). Additionally, Frontline seeks summary judgment on the grounds that USACE violated numerous FAR provisions by continuing to make payments to ATC-D after being notified of unpaid subcontractor claims (app. mot. at 5-6). USACE counters that there are material facts in dispute regarding ATC-D's alleged bankruptcy, criminal investigations, and fraud (gov't reply at 11-14).

*Standard of Review*

The Board's jurisdiction over an appeal of a CDA claim is derived from 41 U.S.C. § 7105(e)(1)(B), which confers "jurisdiction to decide any appeal from a decision of a contracting officer ... relative to a contract made by that agency." Under

4

41 U.S.C. § 7103(a)(1)-(2), the contracting officer's decision that gives rise to a Board appeal must be with respect to a claim by a "contractor." The term "contractor" is expressly defined in 41 U.S.C. § 7101(7) as "a party to a Federal Government contract other than the Federal Government." Accordingly, "the CDA does not permit appeals by anyone who is not a party to a Government contract." *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1371 (Fed. Cir. 2009) (internal quotation marks omitted); *see also id.* at 1370 ("[T]he provisions of the CDA apply only to 'contractors,' i.e., 'part[ies] to a Government contract other than the Government.'") (quoting 41 U.S.C. § 601(4)).

However, "a plaintiff need only *allege*" – that is, it need not prove – "the existence of a contract" to which it is a party "to establish the Board's jurisdiction under the CDA 'relative to' an express or implied contract with an executive agency." *Avue Techs. Corp.* 96 F.4th 1340, 1344 (Fed. Cir. 2024) citing *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis added). Thus, a party needs to "allege, non-frivolously, that it has a contract (express or implied) with the federal government." "That is, the party must allege, in substance, that there was a 'mutual intent to contract including an offer, an acceptance and consideration' and that 'the Government representative who entered or ratified the agreement had actual authority to bind the United States.'" *Id.* at 1345, Note 3 citing *Trauma Serv. Grp. v. United States*, 104 F.3d 1321,1325 (Fed. Cir. 1997).

*The Board Lacks Jurisdiction Because Frontline Neither Alleges Nor Maintains That It Has a Contract With USACE*

The facts in this appeal are rather straightforward. USACE awarded the prime Contract to ATC-D, not Frontline (SOF ¶ 3). Frontline performed work for the project pursuant to its Subcontract with ATC-D, not through a direct contract with USACE. Most importantly, the USACE Contract did not incorporate the terms and conditions of the Subcontract. Frontline did not allege in either the Notice of Appeal, its Complaint, or in its response to the government's motion that it is a contractor for purposes of the CDA (SOF ¶¶ 13-14). We conclude that Frontline is a subcontractor under the ATC-D prime Contract with USACE, and as a subcontractor, Frontline does not qualify as a "contractor" within the meaning of the CDA. 41 U.S.C. § 7101(7). No privity of contract exists between Frontline and USACE. (*See Johnson Controls*, 713 F.2d 1541 (Fed. Cir. 1983))

Frontline does not dispute that it lacks privity of contract with USACE, or that it is a subcontractor. Instead, it argues that exceptions to the privity requirement "may apply in extraordinary cases" when the government's "actions or inactions directly harm subcontractors or when equitable principles necessitate intervention" (app. mot. at 2, 4). Specifically, Frontline avers that ATC-D's alleged fraud and insolvency along with USACE's continued payments to ATC-D despite knowledge of ATC-D's alleged fraud amount to "such extraordinary circumstances" warranting an exception to the

5

CDA's privity of contract requirement. Thus, Frontline contends that the facts in the instant matter are distinguishable and "materially different" from those in *Johnson Controls* because "the court addressed a subcontractor's direct appeal without any allegations of fraud, termination for default, or bankruptcy. (*Id*.) USACE counters that Frontline proposes a new category of standing through which a subcontractor may sue the government that is unsupported by legal precedent (gov't reply at 7-9).

In support of its argument, Frontline cites *Erickson Air Crane Co. v. United States*, 731 F.2d 810 (Fed. Cir. 1984), for the proposition that "the court recognized that exceptions to the privity requirement could apply in extraordinary circumstances, particularly when the government's actions directly impacted subcontractors" (app. mot. at 4). However, the Federal Circuit did not state, even in dicta, the proposition suggested by Frontline. In *Erickson*, the prime contractor sponsored claims of its subcontractors and the Federal Circuit, in what it termed a "mistake," directed the clerk to accept briefs on behalf of the subcontractors in their own name. 731 F.2d at 813. Recognizing the error of its ways, the court of appeals issued the following edict,

> Notice is hereby given that in future contract cases in this court, only the prime contractor may be the appellant, absent, of course, special contract or regulatory provisions not here involved which, in some other cases, might confer standing on subcontractors or persons who normally would be deemed only subcontractors. The procedure followed in this case will not be regarded as a precedent in future cases. A party in interest whose relationship to the case is that of the ordinary subcontractor may prosecute its claims only through, and with the consent and cooperation of, the prime, and in the prime's name.

(*Id*. at 814) *Erickson Air Crane* stands firmly for the proposition that the Board here lacks jurisdiction because of lack of privity between Frontline and the USACE. While the allegations raised by Frontline are serious, these allegations are not sufficient to overcome the lack of privity.

The Board recognizes two limited exceptions to the privity requirement for subcontractors: (1) cases where a prime contractor acts as an agent for the government, and (2) cases where a prime contractor sponsors the subcontractor's appeal. *Johnson Controls*, 713 F.2d at 1551; *Holmes & Narver Servs*., ASBCA No. 51155, 00-2 BCA ¶ 30,972 at 152,850-51. Based on our review of the record, neither exception is present here (SOF ¶¶ 3, 13). 41 U.S.C. § 7104(a); *Johnson Controls*, 713 F.2d at 1548-50 (Fed Cir. 1983); *Shavers-Whittle*, 16-1 BCA ¶ 36,246

6

at 176,834; *SKE*, 15-1 BCA ¶ 35,941 at 175,662.  Accordingly, Frontline's arguments to the contrary are unpersuasive.

*Frontline's Motion for Summary Judgment*

We have considered Frontline's pleadings and contentions addressed in its briefs and filings.  As discussed above, because we conclude that the Board lacks jurisdiction over this appeal based upon a lack of an assertion of a contract between Frontline and USACE, we need not consider Frontline's motion for summary judgment or its other remaining arguments.

CONCLUSION

The appeal is dismissed.

Dated:  April 3, 2025

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

7

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 64022, Appeal of Frontline Support Solutions, LLC, rendered in conformance with the Board's Charter.

Dated: April 3, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals